UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MILLER, JR., by parent and
next friend, PRISCILLA STEELE,

                              Plaintiff,          06-CV-6665T(f)

              v.                                  **DECISION
                                                  and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                              Defendant.

_____

### INTRODUCTION

     Plaintiff Michael Miller, Jr. ("Miller"), by his parent,
Priscilla Steele ("Steele"), brings this action pursuant to
Title XVI of the Social Security Act ("Act"), codified at 42 U.S.C.
§ 405(g) claiming that the Commissioner of Social Security
("Commissioner") improperly denied his application for childhood
disability benefits.[1]  Specifically, Miller alleges that the
decision of an Administrative Law Judge ("ALJ") who heard his case
and denied his application was erroneous because it was not
supported by the substantial evidence contained in the record.

     The Commissioner moves for judgment on the pleadings on
grounds that the ALJ's decision was correct, was supported by
substantial evidence, and was made in accordance with applicable
law.  Miller opposes the defendant's motion.

---

[1]This case (formerly civil case 01-CV-0274(E)(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

## BACKGROUND

On June 11, 1996, plaintiff's mother, Priscilla Steele, applied for childhood Social Security disability benefits ("SSI") on behalf of her son, Michael Miller, Jr., who at the time was a 10-year old student, claiming that Miller was disabled as of January 1, 1990, due to Attention Deficit/Hyperactivity Disorder ("ADHD") and contact disorder.  Miller was found disabled.  In May 1997, a redetermination of Miller's claim was made pursuant to the Personal responsibility and Work Opportunity Reconciliation Act of 1996 ("the 1996 Act") and the Social Security Agency ("Agency") determined that Michael was no longer disabled under the 1996 Act's new definition of disabled.  Miller's SSI benefits ceased as of May 20, 1997.  This decision was affirmed upon reconsideration. Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on December 9, 1997 before ALJ Grenville W. Harrop, Jr.  By decision dated April 21, 1998, the ALJ denied plaintiff's application.  Thereafter, Miller's appeal of the ALJ's decision to the Social Security Appeals Council was denied on February 15, 2001, and on April 13, 2001, plaintiff filed this action.

## DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.

Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence.  See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached."  Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).  Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that

"the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate.  <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). For the reasons that follow, the case is remanded to the Secretary for calculation of benefits.  Accordingly, plaintiff's motion for judgment on the pleadings is granted and defendant's motion for judgment on the pleadings is denied.

II.  <u>The Applicable Legal Standard for Determining Disability of a Child</u>

The Social Security Act is a remedial statute which must be "liberally applied"; its intent is inclusion rather than exclusion. <u>Marcus v. Califano</u>, 615 F.2d 23 (2d Cir. 1979).  The SSI program is a federal program that provides benefits to needy, aged, or disabled individuals who meet certain statutory income and resource limitations.   42  U.S.C.  §  1381.   The  1996  Act  required  the Commissioner to redetermine the eligibility of individuals under the age of eighteen who were eligible for SSI based on disability as  of  the  date  of  enactment  (August  22,  1996),  and  whose eligibility may terminate by reason of the new law.  Pub.L. No. 104-193,  110  Stat.  at  2190,  §  211(d)(2)(A).   Miller's  case  was subject to such a redetermination.

On September 20, 2000, the Agency published final rules for determining disability for children under the SSI program.  65 Fed. Reg. 54747, corrected by 65 Fed. Reg. 80307 ("final rules").  The effective date of the final rules was January 2, 2001.  The Agency

provided that the final rules apply "to the entire period at issue for claims that are pending at any stage of our administrative review process" prior to a final decision.   65 Fed. Reg. 54751. Miller's claim was still pending when the final rules went into effect.   The Appeals Council issued its decision denying review of the ALJ's decision February 15, 2001, therefore, Miller's record should have been reviewed under the final rules incorporating the changes required under the 1996 Act.

The 1996 Act revised the definition of disability for children seeking SSI benefits based on disability.   Under the 1996 Act, Pub.L. No. 104-193, 1996 U.S. Code Cong. & Admin. News (110 Stat.) 2105, a disability exists for purposes of SSI benefits if a child under the age of eighteen:

> (1) has a medically determinable physical or mental impairment, (2) which results in marked and severe functional limitations, and (3) which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ... [however,] no individual under the age of 18 who engages in substantial gainful activity ... may be considered to be disabled.

42 U.S.C. § 1382c(a)(3)(C)(i)-(ii); see Encarnacion v. Barnhart, 331 F.3d 183, 189 (2d Cir. 2004).

The Commissioner employs a three-step sequential analysis to determine whether a child is disabled within the meaning of the Act. 20 C.F.R. § 416.924(a); see also Pollard v. Halter, 377 F.3d 183, 189 (2d Cir. 2004).   The first step is to determine whether

the child is engaging in "substantial gainful activity."  20 C.F.R. § 416.924(b).  If he is not, the ALJ considers at step two whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." Id. at § 416.924(c).  Finally, at step three, if the ALJ finds a severe impairment, he then must consider whether the child has an impairment that "meets," "medically equals," or "functionally equals" a disability listed in the Commissioner's Listing of Impairments, found at 20 C.F.R. pt. 404, Subpt. P, App. 1. Id. at § 416.924(d).

To "functionally equal the listings," an impairment "must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a); see also Pollard, 377 F.3d at 190; Encarnacion, 331 F.3d at 84-85. A "marked limitation" is one where the "impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i); see also, e.g., Pollard, 377 F.3d at 190. An "extreme" limitation is one where the "impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i); Pollard, 377 F.3d at 190.

The six functional domains are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting

and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well being." 20 C.F.R. § 416.926a(b)(1); <u>see also</u> 20 C.F.R. § 416.926a(g)-(l); <u>Pollard</u>, 377 F.3d at 190; <u>Encarnacion</u>, 331 F.3d at 84 & n. 4.

The ALJ determined at step one that Miller was not engaging in substantial gainful activity. He found at step two that Miller suffered from ADHD and a contact disorder which were "severe" medically determinable impairments within the meaning of the regulations.  At issue here is the ALJ's conclusion at step three that Miller's impairments did not meet, medically equal, or functionally equal the Listings markedly in two domains of functioning or extremely in one domain. (Tr. 17-21)[2].

III.  <u>The Substantial Evidence in the Record Supports a Finding of Marked Limitations in Two Domains Under the Applicable Social Security Regulations.</u>

The ALJ decided that based on the evidence before him the plaintiff did not suffer from a disability under the Social Security Act.  Specifically, the ALJ found that while plaintiff suffered from ADHD and contact disorder, those conditions did not rise to the level of an extreme limitation in one domain or marked limitations in two domains under the Social Security Regulations. 20 C.F.R. § 416.926a(a).  In making this determination, the ALJ was

---

[2]"Tr.___" refers to the page of the administrative transcript filed by the Commissioner.

required to consider "all of the relevant evidence in the record, including: (1) the objective medical facts; (2) the medical opinions of the examining or treating physicians; (3) the subjective evidence of the claimant's symptoms submitted by the claimant, his family, and others; and (4) the claimant's educational background, age, and ... experience." <u>DeLeon v. Apfel</u>, 2000 WL 1873851 at 8 (internal quotations omitted); <u>see also</u>, <u>e.g.</u>, <u>Williams v. Bowen</u>, 859 F.2d 255, 259 (2d Cir.1988); <u>Morel v. Massanari</u>, 01 Civ. 0186, 2001 WL 776950 at 5 (S.D.N.Y. July 11, 2001).

The ALJ's decision based on evidence on the record found that Miller "may have, at most, a marked degree of functional limitation in the area of cognitive/communicative skills." (Tr. 19). This court finds that Miller's marked limitations in cognitive and communicative skills constitutes marked limitations in two of the six domains required by the Agency in order to be found disabled, specifically the "Acquiring and Using Information" and "Interacting and Relating With Others" domains. The regulations describe "acquiring and using information" specific to age groups, including "school-age children" (ages six to twelve), which is the age group for Miller at the time of his claim redetermination. 20 C.F.R. § 416.926a(g)(2)(iv). Children in this age group "should be able to learn to read, write, and do math, and discuss history and science." 20 C.F.R. § 416.926a(g)(2)(iv). Examples of limited

function include: (1) inability to "demonstrate understanding of words about space, size, or time"; (2) inability to demonstrate rhyming skills; (3) "difficulty recalling important things you learned in school yesterday"; (4) "difficulty solving mathematics questions or computing arithmetic answers"; and (5) ability to "talk only in short, simple sentences." 20 C.F.R. § 416 .926a(g)(3)(i)-(v). The regulations define the area of "interacting and relating with others" as the child's ability to "initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticisms, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). For children of Miller's age, they "should be able to develop more lasting friendships with children [their] age"; "begin to understand how to work in groups to create projects and solve problems"; "have an increasing ability to understand another's point of view and to tolerate differences"; and "be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv).

The Commissioner concedes that Miller had marked limitation in cognitive and communicative functioning. (Commissioner's Memo. at pp. 22-23). Moreover, Miller's IQ scores as well as reports from his psychiatric social worker and special education teacher showed

that Miller's functions were limited.  (Tr. 197, 251, 252, 255).
The review psychologist for the New York State Office of Disability
Determinations assessed Miller with a marked limitation in
communicative function.  (Tr. 142, 143).

Miller's conduct disorder had a marked limitation on his
ability to interact with others as evidenced by reports of numerous
fights at school and suspension from school.  (Tr. 230, 285-87).
Miller was referred for psychiatric counseling because of anger
management problems, aggression, frequent fighting and school
suspensions. (Tr. 231-32, 248).  Miller's teachers and psychiatric
social worker reported that he had difficulty relating to peers and
authority figures.  (Tr. 211, 248, 271).  The psychiatric social
worker also noted an incident in which Miller threatened his older
brother with a knife.  (Tr. 220).

A fair reading of the record confirms that there is sufficient
evidence to support a finding that Miller has marked limitations in
two of the six domains: "the acquiring and using information" and
"interacting and relating to others" domains and, therefore, is
disabled within the meaning of the Act and in compliance with the
final regulations effective January 2, 2001.  I further hold that
since the final rules went into effect while the claimant's
application was pending before the Appeals Council, the final rules
rather than the interim rules apply.  Pollard, 377 F.3d 183.  See
also 65 Fed. Reg. 54751 ("The SSA's explanation of the effective

date" of the final rules which explicitly holds that any SSI application pending when the final rules became effective should be evaluated under the final rules.)  Also, the final rules apply "to the entire period at issue for claims that are pending <u>at any stage</u> of our administrative review process." 65 Fed. Reg. 54751 (emphasis added).

<h2 align="center"><u>Conclusion</u></h2>

For the reasons set forth above, I hold that the plaintiff has met the criteria for disability set forth in the "Final Regulations" and that this case shall be remanded to the Commissioner solely for calculation and payment of benefits. Judgment on the pleadings is therefore granted in favor of the plaintiff and defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                              s/Michael A. Telesca
                           MICHAEL A. TELESCA
                      United States District Judge

Dated:    Rochester, New York
          January 11, 2007